UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          CASE NO. 14-32819-BKC-JKO
                                                CHAPTER 7
US CAPITAL/FASHION MALL, LLC,                   (Jointly Administered)
et al.,

       Debtors.
_____/

KENNETH A. WELT, Chapter 7 Trustee              ADV. NO. 16-01578-JKO
of the estates of the Debtors,

       Plaintiff,

v.

HAI JUN HE,

       Defendant.
_____/

**DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS, OR IN THE
ALTERNATIVE, MOTION TO DISMISS ADVERSARY COMPLAINT
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

    Defendant Hai Jun He ("Defendant"), by his undersigned counsel, pursuant to Fed. R.

Bankr. P. 7012, and Rule 12(b)(5) and 12(b)(2), Fed. R. Civ. P., moves to quash Plaintiff's

attempted service on Hai Jun He, or in the alternative, moves to dismiss the Plaintiff's

Adversary Complaint for lack of personal jurisdiction, and in support state as follows:

<u>**INTRODUCTION**</u>

    On October 11, 2016, Plaintiff, Kenneth Welt ("Trustee") filed a one count Adversary

Complaint to avoid and recover alleged fraudulent transfers ("Adversary Complaint") [D.E.

1]. Plaintiff attempted to serve Defendant by mailing a copy of the Summons and Complaint

at a location in Fort Lauderdale, Florida, and in Beijing, China.  However, Plaintiff does not live or reside at either of the locations.  Accordingly, Defendant respectfully requests that this Court enter an order quashing Plaintiff's attempted service.  Alternatively, even if service was proper, Defendant is not subject to personal jurisdiction in Florida.  While Plaintiff is entitled to seek an avoidance of alleged fraudulent transfers, they must do so in accordance with the laws of the State of Florida, the United States, and the United States Constitution.  They cannot subject Defendant to the State of Florida when he is not a resident of Florida or any state in the United States, does not live or reside in Florida or any state in the United States, and when he does not have minimum contacts with the State of Florida or any state in the United States.

## ARGUMENT

### I.    MOTION TO QUASH SERVICE OF PROCESS

In the instant case, Plaintiff chose to serve Defendant with the Summons and Complaint pursuant to Fed.R.Bankr.P. 7004(b)(1), which provides:

> **(b) Service by First Class Mail**. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) Fed.R.Civ.P., service may be made within the United States by postage prepaid as follows:
>
> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession (emphasis added).

As evidenced by the Summons, Plaintiff attempted to serve Defendant the Summons and Complaint by First Class Mail at the following two locations: Room 18-4 N.8 Yuhubeilu 2-10, Chaoyangqu, Beijing China ("Beijing Location"), and 3017 NE 59th Street, Fort Lauderdale Florida 33308 ("Fort Lauderdale Location").  *See* [ECF No. 4.]  Service by First Class Mail under Rule 7004(b) is only permitted if service is made **within the United States**

2

and if mailed to an individual's dwelling house, usual place of abode, or place where the individual regularly conducts a business or profession **in the United States**. *See* Fed.R.Bankr.P. 7004(b).

Here, Plaintiff attempted to serve the Summons and Complaint on Defendant at a location that is not Defendant's dwelling house, usual place of abode, or a place where Defendant regularly conducts a business or profession. *See* Declaration of Hai Jun He ¶¶ 5-7, attached hereto as Exhibit "A."[1]  In fact, Defendant is not a citizen of the United States or Florida, and does not live or reside at the Fort Lauderdale Location. *See* Decl. ¶¶ 5-7.  As such, the Fort Lauderdale Location was not actually the "dwelling house or usual place of abode" of Defendant.  Since Plaintiff mailed the Summons and Compliant to a location that Defendant does not live or reside in, Plaintiff's attempted service at the Fort Lauderdale Location was not proper under Rule 7004(b).  *See Matter of Kranich*, 51 B.R. 286, 288 (Bankr. M.D. Fla. 1985) (Court granted motion for relief from judgment since property that the complaint and summons was mailed to was not defendant's actual "dwelling house or usual place of abode.")

While Defendant is a citizen of China, Plaintiff's attempted service on Defendant at the Beijing Location was also not proper. Rule 7004 does not allow apply to service in a foreign country. *See* Fed. R. Bankr. P. 7004(e).  "[I]n order to serve a defendant in a foreign country, the plaintiff must first determine if an international treaty establishes the procedures for such service.  *In re Mak Petroleum, Inc.*, 424 B.R. 912, 915 (Bankr. M.D. Fla. 2010). Consequently, in order to serve a defendant in a foreign country, the plaintiff must first

---

[1] The Declaration of Hai Jun He shall be referred as Decl. ¶ ___ (paragraph).

145547.00601/105047180v.1

determine if an international treaty establishes the procedures for such service. *In re Maxon Engineering Services, Inc.,* 2009 WL 3052437, at *8 (Bankr. D.P.R.).

The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638 ("Hague Convention") provides an internationally agreed means of service. *See* Fed.R.Civ.P. 4(f)(1) (providing for service abroad "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."); *Ackerman v. Levine,* 788 F.2d 830, 838 (2d Cir. 1986) ("As a ratified treaty, the Convention is of course 'the supreme law of the land.' "). "The primary means by which service is accomplished under the Hague Service Convention is through a receiving country's 'central authority' designated to receive requests for service of documents from other countries." *Malone v. Highway Star Logistics, Inc.,* 2009 WL 2139857, at *1 (D.Colo.). *See also Lobo v. Celebrity Cruises, Inc.*, 667 F. Supp. 2d 1324, 1338 (S.D. Fla. 2009), *aff'd*, 704 F.3d 882 (11th Cir. 2013).

China has ratified the Hague Convention,[2] and has agreed to permit service to be effectuated through the Chinese Central Authority.   At the time of its accession to the Hague Convention, however, China gave notice of its formal objection[3] to service by mail.  "Such an objection is honored as a treaty obligation by the United States."  Thus, proper service requires Plaintiff to effectuate service through the Chinese Central Authority, and Plaintiff's attempted

---

[2] "[S]ervice may and can be effected in China, under the Hague Convention, through the Chinese Central Authority. . . . *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, CIV.A. 03-08554, 2009 WL 1055577, at *3 (S.D.N.Y. Apr. 17, 2009).

[3] *Exp.-Imp. Bank of U.S.*, 2009 WL 1055577, at *3 *citing to DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir. 1981), *cert. denied*, 454 U.S. 1085 (1981).

4

service on Defendant by mailing the Complaint and Summons to the Beijing Location was not proper.

Based on the foregoing, Defendant requests that the Court enter an order quashing service of process of the Adversary Complaint and for such other and further relief that this Court deems just and proper. [4]    Alternatively, even assuming arguendo, that Plaintiff's attempted service on Defendant was proper, this Court should dismiss the Complaint against Defendant for lack of personal jurisdiction.

## II.    MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant's contacts with the United States have been too infrequent and tenuous to create personal jurisdiction over him in this matter.   As set forth in the Declaration of Defendant, Hai Jun He,

1.   Defendant has never been a Florida resident;

2.   Defendant has not engaged in any activities, substantial or isolated, in Florida by either maintaining an office or place of business there;

---

[4] The United States Supreme Court provided in *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, (1987), that:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (*Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445, (1946).) Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

145547.00601/105047180v.1

3.  Contrary to Plaintiff's allegation, Defendant has not conducted any business related to the Fashion Mall Property in Florida;

4.  Defendant has also never sold any products or services in Florida;

5.  Defendant has not registered any vehicles in Florida;

6.  Defendant does not have a telephone listing in Florida and does not use any telephone service based in Florida;

7.  Defendant does not have a bank account in Florida and has never maintained a lawsuit in Florida;

8.  Defendant is not a creditor in any bankruptcy proceeding in Florida; and

9.  Although Defendant has sporadically traveled to Florida, all such travel was for leisure, and none of the visits gave rise to the allegations that form the basis of the Adversary Complaint in this matter.

*See* Decl., ¶¶ 7-14, 17, & 19.  The only contact Plaintiff alleges that Defendant has with the United States is that (1) he owns real property in Florida; (2); he has been issued a driver's license in Floirda; and (3) he has visited Florida to conduct business, including business related to the Fashion Mall Project.  *See* Adv. Compl. ¶ 5 [ECF No. 1.]  However, Plaintiff's jurisdictional allegations, although they are not entirely accurate as will be discussed in detail below, cannot overpower the constitutional right to due process, and force Defendant to defend himself in Florida violates that due process.

A.  **Legal Standard**

In order to establish personal jurisdiction over a nonresident defendant in an adversary proceeding, the exercise of such jurisdiction must be "consistent with the Constitution and laws of the United States. Under this provision, it is generally recognized that the exercise of

6

personal jurisdiction must comport with the Due Process Clause of the Fifth Amendment to the United States Constitution." *In re Mak Petroleum, Inc.*, 424 B.R. 907, 910 (Bankr. M.D. Fla. 2010). "The basic inquiry is whether the defendant has established sufficient minimum contacts or some presence in the forum so that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *In re Tirex International, Inc.,* 395 B.R. 182, 188 (Bankr. S.D. Fla. 2008).

A trustee may potentially show that a defendant has sufficient "minimum contacts" in two ways. "First, she can demonstrate that Court may assert specific jurisdiction . . . if the defendant has 'purposefully directed' [its] activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *In re Flores*, 426 B.R. 350, 356 (Bankr. D. Kan. 2010). "If the Court's alleged jurisdiction does not directly arise from . . . forum-related activities, the Court may potentially still maintain general personal jurisdiction over it based on its general business contacts with the United States. However, [b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts." *In re Flores*, 426 B.R. at 356 (footnotes omitted).

A defendant's conduct can give rise to specific or general jurisdiction. *See In re Ace Pecan Co., Inc.*, 143 B.R. 696, 699 (Bankr. N.D. Ill. 1992) ("this Court concludes that pursuant to Fed.R.Bankr.P. 7004(e)(C) and Fed.R.Civ.P. 4(e) personal jurisdiction over foreign defendants is governed by applicable state long-arm statutes."); *see also Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1340 (S.D. Fla. 2014) (citing Fla. Stat. § 48.193 (2016)).

7

The jurisdictional analysis differs depending on whether jurisdiction arises from general or specific jurisdiction. *See Trustees of Columbia Univ. In City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 792 (Fla. 4th DCA 2009) (conducting dual, differing analyses for general and specific personal jurisdiction).

**B.    Hai Jun He's Contacts with the Florida or the United States are Not Sufficient to Establish General Personal Jurisdiction**

General personal jurisdiction may exist if a defendant has continuous and systematic contacts within the forum, even if the case does not arise therefrom. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). However, as the United States Supreme Court observed in *Daimler AG v. Bauman,* 134 S. Ct. 746, 758 (2014), "general jurisdiction has come to occupy a less dominant place in the contemporary scheme."

In *Daimler*, the question addressed was whether the due process clause precludes the District Court from exercising jurisdiction over Daimler [a German corporation], given the absence of any California connection to the atrocities, perpetrators, or victims described in the complaint. *Id.* at 751. The Court rejected plaintiffs' request to "approve the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' as "unacceptably grasping." *Id.* at 761. The inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 751. Accordingly, for a court to exercise general jurisdiction over a foreign entity or individual, that individual's contacts must be so continuous and systematic as to render it "at home" in the forum State. *Id.* at 751.

8

In this case, Plaintiff has not properly plead and cannot establish that Defendant's actions in Florida or the United States are so continuous and systematic that Defendant is essentially at home in Florida or even the United States.  For example, Plaintiff alleges that Defendant owns[5] real property in Florida, has previously been ***issued*** a Florida driver's license, and has ***visited*** Florida to conduct business, but such allegations do not exemplify extensive and pervasive contacts with Florida.[6]  Plaintiff has not (because he cannot) allege that Defendant currently, and at all material times, had a permanent (as opposed to temporary) Florida driver's license; that Defendant lives or lived in the United States or is a resident of Florida or any other state; or that Defendant regularly conducts business in the United States.  Accordingly, Plaintiff's jurisdictional allegations are insufficient to support a finding that Defendant's conduct so continuous and systematic as to render him at home in Florida or anywhere in the United States.

Indeed, Defendant is not a resident of Florida or a citizen of the United States. Decl. ¶ 7.  Defendant is a foreign citizen and lives and resides outside of the United States.  While Defendant purchased real property in Florida in 2010, he has never lived or resided in that property.  Decl. ¶ 7.  In fact, when Defendant visits Florida or the U.S., Defendant travels on a visitor's visa (not a business visa) and stays at a friend's house or in a hotel.  Decl. ¶ 17.

---

[5] "**By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state**, unless the cause of action arose out of such ownership" *Forrest v. Forrest*, 839 So. 2d 839, 841 (Fla. 4th DCA 2003).

[6] The "continuous and systematic business contacts" demanded to confer general jurisdiction over an out-of-state defendant must be "**extensive and pervasive**." *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 259 (Fla. 4th DCA 2011) (quotations omitted).  "It is well settled that the requirement of continuous and systematic general business contacts establishes a **much higher threshold** than the minimum contacts required to assert specific jurisdiction." *Taylor v. Gutierrez*, 129 So. 3d 415, 418 (Fla. 3d DCA 2013).

Defendant has made only sporadic trips to Florida throughout his life, which were composed entirely of leisure activities.  Decl. ¶ 7 & 17.  Defendant has been issued a driver's license in Florida, but the license was temporary, and has since expired and has not been renewed.  Decl. ¶ 7.  Given Plaintiff's lack of substantive jurisdictional allegations and given Defendant's limited contacts with Florida, personal jurisdiction over Defendant simply does not exist.

Consistent with the federal authorities, Florida courts have established that sporadic activity or visits to Florida, or ownership of real property (alone), does not constitute the substantial, non-isolated activity required to establish personal jurisdiction over a defendant. In *Price v. Point Marine, Inc.*, 610 So. 2d 1339, 1341–42 (Fla. 1st DCA 1992), the court declined to extend general personal jurisdiction over the defendant despite the fact that the defendant made infrequent visits to Florida and solicited and networked in Florida for business purposes.  *Id.*   In *Forrest v. Forrest*, 839 So. 2d 839, 841 (Fla. 4th DCA 2003), the court held that "[b]y itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership."[7] In *Trustees of Columbia Univ. In City of New York v. Ocean World, S.A.*, 12 So. 3d 788, 795 (Fla. 4th DCA 2009), the court declined to extend general jurisdiction over a defendant who owned property in Florida because section 48.193(1)(c) only supports a finding of specific jurisdiction if the cause of action arises from the ownership of that real property in Florida.

---

[7] *citing to Nichols v. Paulucci,* 652 So.2d 389, 392 n. 5 (Fla. 5th DCA 1995).

10

Here, because "courts impose a more stringent minimum contacts test,[8] requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts . . .", Plaintiff has failed to set forth sufficient jurisdictional facts to support a finding of personal jurisdiction over Defendant. *In re Flores*, 426 B.R. 350, 356 (Bankr. D. Kan. 2010). Accordingly, Plaintiff has not established personal jurisdiction over Defendant.

**C.    Specific Personal Jurisdiction of Hai Jun He is Also Not Present in Florida in this Case**

"[S]pecific personal jurisdiction authorizes jurisdiction over causes of action arising from or related to the defendant's actions within Florida and concerns a nonresident defendant's contacts with Florida only as those contacts related to the plaintiff's cause of action. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1352 (11th Cir. 2013). For a court to assert specific personal jurisdiction over a defendant, the plaintiff must explain how the defendant's activities fall within the scope Florida's long arm statute. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Florida's long arm statute enumerates serval types of activities that may subject a defendant to the jurisdiction of Florida courts. *See* Fla. Stat. § 48.193(1)(a).

---

[8] "The requirements for general jurisdiction are "considerably more stringent" than those for specific jurisdiction." *In re Federalpha Steel LLC*, 341 B.R. 872, 887 (Bankr. N.D. Ill. 2006). Here, since Plaintiff has failed to properly allege general jurisdiction over Defendant under Section 48.193(2) of Florida's Long Arm Statute, Plaintiff has also failed to allege, and cannot establish, that Defendant had minimum contacts with Florida. "A finding that a defendant's activities satisfy section 48.193(2)'s requirements also necessitates a finding that minimum contacts exist [or conversely, does not exist]." *Exhibit Icons, LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009). "This "continuous and systematic" contacts standard was the standard enunciated by the Supreme Court in *Helicopteros* as sufficient to fulfill the due process requirements of minimum contacts when asserting general jurisdiction. *Helicopteros*, 466 U.S. at 415.

Plaintiff has not made a cursory effort to allege that Defendant's actions fall within the scope of Section 48.193(1)(a) of Florida's long arm statute.  As a result, Defendant's silence is fatal to any suggestion that this Court has specific personal jurisdiction over Defendant in this case.  *See In re Mouttet*, 493 B.R. 640, 653 (Bankr. S.D. Fla. 2013)("Because the [Adversary] Complaint fails in its description and allegations of either conspiracy or enterprise, the Plaintiff's reliance on either for purposes of asserting personal jurisdiction fails as well."). To the extent that Plaintiff argues that Defendant was the recipient of fraudulent transfers, that alone is insufficient to establish specific jurisdiction over Defendant.  A fraudulent conveyance claim has been held not to be a tort for purposes of establishing personal jurisdiction.  *Brown v. Nova Info. Sys., Inc.*, 903 So. 2d 968, 969 (Fla. 5th DCA 2005).

> **D.      Plaintiff Has Not, and Cannot, Establish Sufficient Minimum Contacts Between Defendant and Florida (or the United States)**

Plaintiff has not established sufficient minimum contacts between Defendant and Florida or the United States.   In a bankruptcy adversary proceeding, a court must determine whether: (1) sufficient minimum contacts exist to satisfy due process requirements and that (2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *In re Tirex Intern., Inc.*, 395 B.R. 182, 188 (Bankr. S.D. Fla. 2008); *see also International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945); *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla. 1989).

The familiar and long-established principles of *International Shoe v. State of Washington,* 326 U.S. 310, (1945), and its progeny guide the determination of whether jurisdiction over a defendant comports with due process.

145547.00601/105047180v.1

> Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person. Hence his presence within the territorial jurisdiction of court was prerequisite to its rendition of a judgment personally binding him. (Citation omitted). But now that the capias ad respondendum has given way to personal service of summons or other form of notice, due process requires only that *in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."* (Citations omitted).

*International Shoe*, 326 U.S. at 316.

In *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), the United Sates Supreme Court held that in order for a state to exercise jurisdiction over a defendant in satisfaction with due process requirements, the defendant's conduct and connection with the forum state must be such that he or she "should reasonably anticipate being haled into court there." *See Blumberg v. Steve Weiss & Co., Inc.*, 922 So. 2d 361, 365 (Fla. 3d DCA 2006) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  For an out-of-state defendant to reasonably anticipate litigation in the forum statue, "it is essential in each case that there be some act by which the defendant purposefully avails itself of privilege of conducting activities with the forum state, thus invoking the benefits and protections of laws." *Blumberg*, 922 So. 2d at 365 (quoting *Burger King*, 471 U.S. at 475).  Such tortious or otherwise problematic acts must arise from the contacts with the forum state. *Reiss v. Ocean World, S.A.*, 11 So. 3d 404, 406 (Fla. 4th DCA 2009).

Here, Plaintiff's Adversary Complaint does not allege sufficient facts to establish that Defendant could have reasonably anticipated being haled into court in Florida or the United States.  Indeed, there is no allegation (and none that can be made) that Defendant established or operated an office in Florida or the United States; that Defendant is represented by a

13

registered agent in Florida or the United States; that Defendant regularly does business in Florida or the United States; that Defendant is a party to any contracts in Florida or the United States; that Defendant has sold products or provided any services in Florida or the United States; or that Defendant maintained a lawsuit in Florida or availed himself of the benefits or protections of the laws of Florida or the United States. *See* Adv. Compl. ¶5. On the contrary, Plaintiff is not a resident of the United States and has only traveled to the United States on a visitor's visa. *See* Decl. ¶ 17.   Defendant does not travel to Florida for business – he travels only for leisure. *See* Decl. ¶ 17.  Defendant's single purchase of real property in the United States in 2010 and his expired temporary driver's license simply cannot be classified as continuous or systematic.   That is, Plaintiff's allegations do not show that Defendant purposefully availed himself of the privilege of conducting activities in Florida or the United States.   Defendant's attached Declaration shows that no such connection exits.  Thus, this Court should find that Defendant's conduct does not have the type or degree of contacts with the United States that would satisfy constitutional due process requirements.

Finally, even if a defendant has minimum contacts, a court must still consider whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.  "[T]he court may evaluate several factors, including the hardship that appearing in the forum would pose to the defendant, the interests of the plaintiff, and the forum's interest in adjudicating the dispute." *In re Federalpha Steel LLC*, 341 B.R. 872, 888 (Bankr. N.D. Ill. 2006).

145547.00601/105047180v.1

Here, it would be substantially burdensome[9] for Defendant, who does not reside in the United States and is a citizen of China, to defend a lawsuit in Florida concerning a tenuous alleged fraudulent transfer, particularly since Defendant is not necessary to accord full relief. Plaintiff has already instituted a plethora of adversary complaints to recover alleged fraudulent transfers (including the same exact fraudulent transfers that are alleged in this action against three other parties, Wei-Chen, PHF Plantation, and WCH Hospitality LLC). In addition, travel from China to the United States is costly and extremely timely and exhausting. Defendant does not make frequent trips to the United States, Defendant is not fluent in English, and the Chinese legal system is not similar to the system in the United States. Decl. ¶ 17. Furthermore, it has not been alleged (and cannot be) that Defendant's nominal contacts in Florida and the United States give rise to Plaintiff's claims. In short, Plaintiff fails to allege anything that would link Defendant to Florida in such a way that would constitutionally permit this Court to exercise personal jurisdiction over him, and if this Court were to exercise of personal jurisdiction over Defendant, it would violate traditional notions of fair play and substantial justice. Accordingly, this case should be dismissed, with prejudice, for lack of personal jurisdiction over Defendant.

---

[9] "Once minimum contacts have been established, the Court must turn to the issue of whether maintenance of this suit would comport with traditional notions of fair play and substantial justice." *In re Tirex Intern., Inc.*, 395 B.R. 182, 191 (Bankr. S.D. Fla. 2008).

145547.00601/105047180v.1

Respectfully submitted,

**BLANK ROME LLP**
*Attorneys for Hai Jun He*

500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone:  (954) 512-1836
Facsimile:  (954) 512-1785


By: */s/ Alen H. Hsu* _____
      Richard E. Berman
      Florida Bar No.:  254908
      RBerman@BlankRome.com
      Bocaeservice@BlankRome.com
      MMogel@BlankRome.com
      Alen H. Hsu
      Florida Bar No.: 62495
      Ahsu@BlankRome.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished to those parties registered to receive service via CM/ECF on January 31, 2017.

By: */s/ Alen H. Hsu* _____
      Alen H. Hsu

16